UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL LIMING,  :
  :
  : NO. 1:11-CV-00788
    Plaintiff,  :
  :
  v.  : **OPINION & ORDER**
  :
STRYKER CORPORATION, et al.,  :
  :
    Defendants.  :

This matter is before the Court on Defendants' Motion to Dismiss (doc. 9) and the responsive memoranda (docs. 12 & 14). For the following reasons, the Court grants in part and denies in part Defendants' motion. Further, the Court grants Plaintiff leave to amend his complaint.

**I.   Background**

In this diversity action, Plaintiff seeks damages for injuries allegedly caused by the use of a pump manufactured by Defendants that dispensed pain medication into his shoulder joint after surgery on August 22, 2001 (doc. 1). Plaintiff was diagnosed in July 2003 with moderately severe posttraumatic arthritis in that shoulder, and in 2006 he was informed that he had significant chondrolysis in that joint. He alleges that he developed the chondrolysis, which is a rapid loss of cartilage and a narrowing of the joint space, as a result of Defendants' pump's continuous infusion of pain medication into his shoulder joint after the

surgery, a connection he discovered in December 2009 (Id.). Plaintiff alleges that his condition will require him to undergo additional surgery, including a repeat shoulder joint replacement (Id.). Plaintiff's Complaint includes claims for defect in design, defect due to inadequate warning, failure to conform to representation, negligence, breach of express warranty, breach of implied warranties of merchantability and of fitness for a particular purpose, and negligent misrepresentation and fraud (Id.).

Defendants have filed a motion to dismiss, which is ripe for the Court's decision. Plaintiff opposes the motion and alternatively requests leave to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(2).

**II. The Applicable Standards**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) requires the Court to determine whether a cognizable claim has been pled in the complaint. The basic federal pleading requirement is contained in Fed. R. Civ. P. 8(a), which requires that a pleading "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976); Erickson v. Pardus, 551 U.S. 89 (2007). In its scrutiny of the complaint, the Court must construe all well-pleaded facts liberally in favor of the party opposing the motion. Scheuer v. Rhodes, 416 U.S. 232,

236 (1974).  A complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Courie v. Alcoa Wheel & Forged Products, 577 F.3d 625, 629-30 (6th Cir. 2009), quoting Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

A motion to dismiss is therefore a vehicle to screen out those cases that are impossible as well as those that are implausible. Courie, 577 F.3d at 629-30, citing Robert G. Bone, *Twombly*, Pleading Rules, and the Regulation of Court Access, 94 IOWA L. REV. 873, 887-90 (2009).  A claim is facially plausible when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Iqbal, 129 S.Ct. at 1949.  Plausibility falls somewhere between probability and possibility. Id., citing Twombly, 550 U.S. at 557.  As the Supreme Court explained,

> "In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 1950.

The admonishment to construe the plaintiff's claim liberally when evaluating a motion to dismiss does not relieve a plaintiff of his obligation to satisfy federal notice pleading

3

requirements and allege more than bare assertions of legal conclusions.  Wright, Miller & Cooper, Federal Practice and Procedure: § 1357 at 596 (1969).  "In practice, a complaint . . . must contain either direct or inferential allegations respecting all of the material elements [in order] to sustain a recovery under some viable legal theory." Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984), quoting In Re: Plywood Antitrust Litigation, 655 F.2d 627, 641 (5th Cir. 1981); Wright, Miller & Cooper, Federal Practice and Procedure, § 1216 at 121-23 (1969).  The United States Court of Appeals for the Sixth Circuit clarified the threshold set for a Rule 12(b)(6) dismissal:

> [W]e are not holding the pleader to an impossibly high standard; we recognize the policies behind Rule 8 and the concept of notice pleading.  A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim.  But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist.

Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988).

With respect to the motion for leave to file an amended complaint, Federal Rule of Civil Procedure 15(a) provides in pertinent part:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.... Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given

4

when justice so requires.

Fed. R. Civ. P. 15(a). The United States Supreme Court has held that motions for leave to amend pleadings should be liberally granted unless the motions are brought in bad faith or the proposed amendments would cause undue delay, be futile, or unfairly prejudice the opposing parties. Foman v. Davis, 371 U.S. 178, 182 (1962); see also Moore v. City of Paducah, 790 F.2d 557, 561 (6th Cir. 1986) (quoting Tefft v. Seward, 689 F.2d 637, 639-40 (6th Cir. 1982)).

**III. Discussion**

Defendants raise three arguments in their Motion to Dismiss: (1) Plaintiff's negligence, breach of express warranty, breach of implied warranty and negligent misrepresentation and fraud claims are barred by the Ohio Product Liability Act; (2) the fraud claim is not pled with sufficient particularity; and (3) the defective design, inadequate warning and nonconformance with representations claims fail to state a claim for relief. The Court will address each in turn.

**A. Plaintiff's Claims are not Precluded by the Ohio Product Liability Act**

Plaintiff alleges that his injury occurred after his surgery on August 22, 2001 but that he did not learn that his chondrolysis was the result of using Defendants' pain pump until December 2009. Defendants contend in their motion that Plaintiff's

common law causes of action are precluded by the April 7, 2005 amendment to the Ohio Products Liability Act, Ohio Rev. Code § 2307.71(B), which abrogated all common law product liability claims or causes of action (doc. 9). In Defendants' view, because Plaintiff did not file his Complaint until after the 2005 amendment, his negligence, breach of express warranty, breach of implied warranty and negligent misrepresentation and fraud claims are precluded (Id.). Defendant argues that Plaintiff cannot assert that his cause of action arose in 2001 for purposes of preclusion when he simultaneously asserts that his cause of action arose in 2009 for purposes of the statute of limitations (Id.).

Among other cases, Defendants cite to Yanovich v. Zimmer Austin, Inc., 255 Fed. Appx. 957 (6th Cir. 2007) for support for their position, noting that the OPLA applied to the plaintiff's claim that the knee replacement system at issue was defective where the replacement was implanted in 2000, but the plaintiff did not discover the defect until 2005 (doc. 9). However, Yanovich did not deal with the issue presented here–whether common law claims are abrogated by the OPLA when the injury happened before the amendment but the discovery post-dated the amendment. In Yanovich, the plaintiff's claims were explicitly brought under the strict liability section of the OPLA, and the court never reached the issue presented here because the plaintiff in Yanovich only raised her common law claims in her response to the defendant's motion for

6

summary judgment, not in her complaint.  255 Fed. Appx. at 970.

Defendants also cite to <u>Hempy v. Breg, Inc.</u>, 2012 WL 380119 (S.D. Ohio, Feb. 6, 2012) for support.  There, the court was confronted with the issue presented here but reached the conclusion advocated by Defendants, that "regardless of when the injury occurred, it is the date on which the claim accrued in relation to the date of the statutory amendment that matters."  <u>Id.</u> at *4.

Respectfully, the Court simply disagrees with the <u>Breg</u> court and reaffirms the position the Court has taken in its previous pain-pump cases: "the issue is whether the initial injury took place before the amendment to the OPLA on April 7, 2005, and it did.  The fact that Plaintiff did not discover his injury until [2009], brings his Complaint within the statute of limitations." <u>Troyer v. I-Flow Corp.</u>, 2011 WL 2517031, *4 (S.D. Ohio, June 23, 2011).

**B. The Fraud Claim is not Sufficiently Pled**

Defendants contend that Plaintiff's fraud claim (count VII) is not pled with the particularity required by Federal Rule of Civil Procedure 9(b), which requires that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity" (doc. 9, quoting Fed. R. Civ. P. 9(b)).  Plaintiff argues that his fraud claim should survive because he has "allege[d] each element" of the claim with the required particularity (doc. 12).

The Sixth Circuit reads Rule 9(b) liberally, requiring a plaintiff, at a minimum, to "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." Coffey v. Foamex L.P., 2 F.3d 157, 161-62 (6th Cir. 1993). However, "allegations of fraudulent misrepresentation must be made with sufficient particularity and with sufficient factual basis to support an inference that they were knowingly made."  Id.

Defendants correctly note that a bare assertion that they misrepresented to "Plaintiff, his physicians, and the public that the Stryker Pain Pump was safe for use" does not satisfy the "time, place, and content" requirement of Rule 9.  The complaint does not identify the content of the representations, beyond a generic "safe for use" representation, and it does not set forth factual allegations regarding when and by whom the representations were made.  In short, the complaint does not contain enough factual detail from which the Court could plausibly infer that the alleged misrepresentations were knowingly made because we cannot tell from the complaint what the specific representations were, nor can we determine whether those statements were (knowingly) false at the time they were made. Under Rule 9(b), these deficiencies are fatal to Plaintiff's fraud claim as it is currently pled. See, e.g., Boroff v. Alza Corp., 685 F.Supp.2d 704, 711 (N.D. Ohio

8

2010)("[T]he claims of active misrepresentation in the complaint are not sufficiently pled under Rule 9(b) because the complaint does not state the time, place and context of the alleged misrepresentations.").

However, Rule 9 deficiencies often can be cured by an amended complaint, and "federal courts must be liberal in allowing parties to amend their complaints." Coffey, 2 F.3d at 162, quoting Hayduk v. Lanna, 775 F.2d 441, 445 (1st Cir. 1985). Permitting Plaintiff to amend his complaint is the appropriate course of action.

    C.    **Two of the Remaining Counts Survive**

Defendants argue that Plaintiff's claims for strict liability defective design, inadequate warning and nonconformance with representations do not state a claim for relief because Plaintiff merely sets forth a formulaic recitation of the elements of the causes of action (doc. 9).

As an initial matter, the Court notes that the complaint makes absolutely no reference to any Ohio statutes. Therefore, like Defendants, the Court is forced to assume that Plaintiff's design, warning and nonconformance claims are brought under the Ohio Product Liability Act, which Plaintiff references in his response in opposition to the instant motion.

With respect to whether the complaint adequately sets forth sufficient factual allegations from which the Court may infer

9

causes of action for strict liability inadequate warning and nonconformance with representations, the Court finds that it does. However, with respect to whether the complaint adequately sets forth sufficient factual allegations from which the Court may infer a cause of action for defective design, the Court finds the complaint lacking.

Regarding the nonconformance with representations claim, the complaint contains averments that Defendants represented to Plaintiff's surgeon that the pain pump was safe for use in the joint space and that it was actually unsafe. The complaint does not contain the exact language of a representation alleged to have been made by Defendant, but it does set forth facts from which the Court may plausibly infer that a representation was made and that the pump did not conform to that representation, which is all that is required by Ohio Rev. Code Section 2307.77 at the pleading stage. See Ohio Rev. Code § 2307.77 ("A product is defective if it did not conform, when it left the control if its manufacturer, to a representation made by that manufacturer.").

Similarly, the complaint sets forth allegations that Defendants knew or should have known that the pain pump created significant risks of chondrolysis when used in the shoulder joint and that they failed to adequately warn Plaintiff or Plaintiff's physician of those risks. At this stage, for this claim, that is sufficient.

Regarding the defective design claim, Defendants are

correct-the complaint merely regurgitates, nearly verbatim, the elements of a defective design claim set forth in Ohio Revised Code §2307.75.  The complaint contains no substantive, specific factual allegations with respect to the design of the pain pump from which the Court could plausibly infer a strict liability design defect cause of action.

Therefore, Defendants' motion is GRANTED as to Plaintiff's first cause of action and DENIED as to Plaintiff's second and third causes of action.

### D. Rodriguez v. Stryker Corp.

The Court notes that the Sixth Circuit recently issued a decision in a pain pump case, affirming the district court's grant of summary judgment to Defendant.  Rodriquez v. Stryker Corp., – F.3d –, 2012 WL 1813682 (6th Cir., May 21, 2012).  Among other reasons, the court noted that because the plaintiff's surgery happened before any reported cases of chondrolysis were linked to the use of intra-joint anesthetics, Defendant could not be held liable for failure to warn because the state of scientific and technological knowledge available to Defendant at the time the pump was manufactured did not necessitate warning.  While it may be instructive down the line, Rodriquez is not controlling on the instant motion to dismiss because, inter alia, Rodriquez went before the appellate court on a motion for summary judgment, so the record in the case was fully developed.  In addition, Rodriguez was controlled by Tennessee law, whereas this matter is subject to Ohio law.

**IV. Conclusion**

For the foregoing reasons, the Court DENIES Defendant's Motion to Dismiss in part and GRANTS it in part (doc. 9). Count I is dismissed, and Count VII is dismissed, but Plaintiff is granted leave to amend his complaint within thirty (30) days from the filing of this Order. The remaining counts survive.

SO ORDERED.

Dated: May 31, 2012 /s/ S. Arthur Spiegel
S. Arthur Spiegel
United States Senior District Judge

12